**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KINSALE INSURANCE COMPANY, an Arkansas corporation,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>GOLDEN BEGINNINGS, LLC dba NONNO'S GUEST HOME, a California limited liability company; TELITHA McGEE, deceased, by and through her personal/legal representative, DAWN McGEE ROUTT; DAWN McGEE ROUTT, an individual; MONICA AUSTIN, an individual; DAVID HALL, an individual; SABRINA LOUIS, an individual,<br><br>　　　　　　　Defendants. | Case No.: CV 20-10302-DMG (AFMx)<br><br>**JUDGMENT [64]** |

**WHEREAS** on September 15, 2021 the Court granted partial summary judgment in favor of plaintiff Kinsale Insurance Company ("KINSALE") on the First Claim for Relief (Declaratory Relief re Duty to Defend – Policy Based Defenses), Second Claim for Relief (Declaratory Relief re Duty to Indemnify – Policy Based Defenses), Third Claim for Relief (Declaratory Relief re Duty to Defend – Breach of Warranty), Fourth Claim for Relief (Declaratory Relief re Duty

**1**

to Indemnify – Breach of Warranty) and Seventh Claim for Relief (Declaratory Relief re Reimbursement of Defense Fees and Costs); and

**WHEREAS** the Court determined in its Order granting KINSALE's Motion for Partial Summary Judgment [Doc. # 63] that KINSALE never had a duty to defend defendant GOLDEN BEGINNINGS, LLC dba NONNO'S GUEST HOME ("GOLDEN BEGINNINGS") with regard to *McGee, et al. v. Golden Beginnings, LLC et. al.,* Los Angeles County Superior Court Case No. 20STCV20695 (the "McGee Action") under KINSALE Allied Health Professional Liability / General Liability Policy number 0100090904-0 (07/01/19-07/19/20) (the "POLICY"), both due to the application of the terms, conditions, exclusions and endorsements of the POLICY and due to GOLDEN BEGINNINGS' material breach of warranty in the application for the POLICY; and

**WHEREAS** the Court determined that KINSALE is entitled to reimbursement of attorney's fees and costs incurred from the date of its reservation of rights (November 6, 2020) forward in defense of GOLDEN BEGINNINGS, pursuant to the Seventh Claim for Relief; and

**WHEREAS** the Parties have stipulated that KINSALE will waive the right of such reimbursement contingent upon for GOLDEN BEGINNINGS' assumption of its own defense effective as of September 15, 2021, either by retaining its own counsel and signing and filing a substitution of attorney form in the *McGee* Action effective as of September 15, 2021 or, alternatively, separately retaining previously appointed defense counsel Angela Haskins, Esq. of Haight, Brown & Bonesteel, LLP to defend the *McGee* Action on its behalf, effective September 15, 2021; and

**WHEREAS** KINSALE has established that it never had a duty to defend or indemnify defendant GOLDEN BEGINNINGS with regard to the *McGee* Action, and is therefore entitled to have judgment in its favor on the First, Second, Third, Fourth, and Seventh Claims for Relief; and

**WHEREAS** the Parties have stipulated that KINSALE may dismiss the Fifth and Sixth Claims for Relief without prejudice as moot; and

**WHEREAS** defendants TELITHA McGEE, deceased, by and through her personal/legal representative, DAWN McGEE ROUTT; DAWN McGEE ROUTT, an individual; MONICA AUSTIN, an individual; DAVID HALL, an individual; and SABRINA LOUIS, an individual (collectively "UNDERLYING PLAINTIFFS") previously stipulated and agreed with KINSALE that the UNDERLYING PLAINTIFFS would be bound by any Judgment entered in favor of KINSALE [Doc. # 42], and such was Ordered by the Court [Doc. # 43];

**IT IS HEREBY ADJUDGED AND DECREED** that

1. Judgment is entered in favor of KINSALE on the First Claim for Relief on the Complaint [Doc. # 1] to wit, that after application of the terms, conditions, exclusions and endorsements of Allied Health Professional Liability / General Liability Policy number 0100090904-0 (07/01/19-07/19/20) (the "POLICY") issued by KINSALE to GOLDEN BEGINNINGS, there is no potential for coverage for the *McGee* Action for anyone insured under the POLICY.  Therefore, KINSALE does not and never did have a duty to defend GOLDEN BEGINNINGS or any other insured under the POLICY with regard to the *McGee* Action;

2. Judgment is entered in favor of KINSALE on the Second Claim for Relief on the Complaint, to wit, that after application of the terms, conditions, exclusions and endorsements of the KINSALE POLICY there is no potential for coverage for the *McGee* Action for anyone insured under the POLICY.   Therefore, KINSALE does not and never did have a duty to indemnify GOLDEN BEGINNINGS or any other insured under the POLICY with regard to the *McGee* Action;

3. Judgment is entered in favor of KINSALE on the Third Claim for Relief on the Complaint, to wit, that there is no potential for coverage for the *McGee* Action for anyone insured under the KINSALE POLICY due to a material breach of

warranty in the application for the POLICY.  Therefore, the POLICY is void as regards coverage for the *McGee* Action, such that KINSALE does not and never did have a duty to defend GOLDEN BEGINNINGS or any other insured under the POLICY with regard to the *McGee* Action;

4. Judgment is entered in favor of KINSALE on the Fourth Claim for Relief on the Complaint, to wit, that there is no potential for coverage for the *McGee* Action for anyone insured under the KINSALE POLICY due to a material breach of warranty in the application for the POLICY.  Therefore, the POLICY is void as regards coverage for the *McGee* Action, such that KINSALE does not and never did have a duty to indemnify GOLDEN BEGINNINGS or any other insured under the POLICY with regard to the *McGee* Action;

5. The Fifth and Sixth Claims for Relief of the Complaint are dismissed without prejudice as moot;

6. Judgment is entered in favor of KINSALE on the Seventh Claim for Relief on the Complaint, to wit, that there is no potential for coverage for the *McGee* Action for anyone insured under the KINSALE POLICY after application of the terms, conditions, exclusions and endorsements of the KINSALE POLICY and due to a material breach of warranty in the application for the POLICY.  Therefore, KINSALE is entitled to reimbursement from GOLDEN BEGINNINGS of the reasonable attorney's fees and costs it incurred in defense of the *McGee* Action from November 6, 2020 forward.

7. In consideration of KINSALE's waiver of this right to reimbursement, GOLDEN BEGINNINGS shall assume its own defense to the *McGee* Action effective September 15, 2021, and shall within ten (10) days of the Entry of this Judgment either execute a written retainer agreement with existing defense counsel (Angela Haskins, Esq. of Haight, Brown & Bonesteel, LLP) or execute and file a substitution of attorney form substituting Haight, Brown & Bonesteel out of the case and inserting counsel of GOLDEN BEGINNINGS' choice.

8. Judgment is entered in favor of KINSALE on the Complaint in its entirety and against defendants TELITHA McGEE, deceased, by and through her personal/legal representative, DAWN McGEE ROUTT; DAWN McGEE ROUTT, an individual; MONICA AUSTIN, an individual; DAVID HALL, an individual; and SABRINA LOUIS, an individual; and

9. Defendant GOLDEN BEGINNINGS shall take nothing by way of judgment against KINSALE.

DATED: September 30, 2021

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE